**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(West Palm Beach Division)**

CASE NO. 08-_____-CIV-_____/Magistrate _____

**08-80685-CIV-COHN/SELTZER**

JANIS BLACKMON,

    Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,
d/b/a WAL-MART

    Defendant.

_____/

FILED by _JC_ D.C.
ELECTRONIC

**June 23, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**NOTICE OF REMOVAL AND**
**INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

PLEASE TAKE NOTICE that Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart" or

"Defendant"), hereby removes the above-entitled action from the Circuit Court of the Fifteenth

Judicial Circuit in and for Palm Beach County, Florida, pursuant to 28 U.S.C. §§ 1332, 1441 and

1446. This removal is based on diversity of citizenship between the parties. In support of this

Notice of Removal Wal-Mart states as follows:

    1.    This action is a civil action of which the Court has original jurisdiction under the

provisions of 28 U.S.C. §1332, and is one which may be removed to this Court pursuant to the

provisions of 28 U.S.C. §1441(a), in that it is a civil action wherein the matter in controversy

exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different

states.

    2.    On or about September 11, 2007, Plaintiff Janis Blackmon ("Plaintiff") filed an

action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida,

entitled: *Janis Blackmon v. Wal-Mart Stores East, L.P., d/b/a Wal-Mart and Manuel Pereiro,*

Case No. _____

*Individually*; Case Number 50-2007-CA-015396-XXXXMB.   Plaintiff's Complaint originally contained three counts, alleging: (1) Sexual harassment in violation of the Florida Civil Rights Act ("FCRA") against Wal-Mart; (2) Retaliation in violation of the FCRA against Wal-Mart; and (3) Assault and battery against Manuel Pereiro ("Periero").

3.       Wal-Mart Stores East, L.P. is incorporated in the State of Delaware and its principal place of business is in Bentonville, Arkansas, as it has been since the commencement of this litigation. (Complaint at ¶ 7).

4.       As alleged in Plaintiff's Complaint, Plaintiff is a resident of Palm Beach County. (Complaint at ¶ 5).

5.       Upon information and belief, Pereiro is a resident of Palm Beach County. (Complaint at ¶ 6).

6.       After filing her Complaint, Plaintiff failed to serve Pereiro.  On June 11, 2008, Wal-Mart filed a Motion to Dismiss Pereiro because Plaintiff failed to serve him within 120 days of filing her Complaint.  Plaintiff did not oppose this Motion.

7.       On June 12, 2008, the Court granted Wal-Mart's Unopposed Motion and dismissed Pereiro from Plaintiff's Complaint without prejudice.  (Order of Dismissal attached as Exhibit "A").

8.       With the dismissal of Pereiro, there is now complete diversity, and this action is removable pursuant to U.S.C. §§ 1332 and 1446.

9.       The amount in controversy in this action exceeds $75,000.00.   While Plaintiff's Complaint does not allege a specific amount for damages, her prayer for relief requests damages in the form of back pay, front pay, loss of benefits, compensatory damages, pecuniary and non-pecuniary losses, punitive damages, attorney's fees and costs, and interest.  In addition, Plaintiff's counsel has advised Wal-Mart's counsel that Plaintiff seeks damages in excess of $75,000.00.

-2-

Case No. _____

10.     This Notice of Removal is timely because 28 U.S.C. §1446(b) provides that, in cases where the initial pleading is not removable, a notice of removal must be filed "within thirty days after receipt by defendant...of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b) (2008).  Since the instant removal is made within thirty (30) days of June 12, 2008, the date of the Court Order dismissing Pereiro from this action, it is well within the deadline for removal.

11.     In addition, this Notice of Removal is timely because it has been filed not more than one year after the filing of the original Complaint, as required by 28 U.S.C. §1446(b).

12.     Given that the above-referenced state court action is pending in the Circuit Court of the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, venue properly lies in the United States District Court for the Southern District of Florida, West Palm Beach Division.  28 U.S.C. §1441(a) (2008).

13.     Attached hereto as Composite Exhibit "B" and incorporated by reference as part of the Notice of Removal are true and correct copies of the process and pleadings in the State Court Action.

14.     Proper Notice of Removal is also being made on this date to both Plaintiff as well as the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**MEMORANDUM OF LAW**

**A.     The United States District Court has jurisdiction over this matter**

A state court action may be removed to a United States District Court where "the district courts of the United States have original Jurisdiction[.]"  28 U.S.C. §1441.  In the instant case, original jurisdiction is sought under 28 U.S.C. §1332, which provides that:

-3-

Case No. _____

> "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> \* \* \*
>
> (2) citizens of a State and citizens or subjects of a foreign state[.]"

28. U.S.C. §1332 (a). In short, in order to establish jurisdiction under 28 U.S.C. § 1332, Wal-Mart must establish two factors: (1) the amount in controversy exceeds $75,000; and (2) the action is between the citizen of one state and citizens of a foreign state. The amount in controversy surpasses the $75,000.00 jurisdictional amount because Plaintiff's counsel has advised Wal-Mart's counsel on numerous occasions that Plaintiff seeks damages well in excess of $75,000.00. In addition, there is complete diversity because Wal-Mart Stores East, L.P. is incorporated in the State of Delaware and its principal place of business is in Bentonville, Arkansas, as it has been since the commencement of this litigation. (Complaint at ¶ 7). As Plaintiff acknowledges in her Complaint, she is a resident of Florida. (Complaint at ¶ 5).

**B.      Wal-Mart has complied with the procedure for removal**

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446. Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal that contains:

> "a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action."

28 U.S.C. §1446. Furthermore, any notice of removal must be filed within thirty (30) days after the defendant first receives notice that the action is one that is removable. 28 U.S.C. §1446(b) (2008). Paragraphs 1 through 14 above set forth the grounds on which removal is sought, specifically citing the federal statute upon which original jurisdiction is premised and the factual support for that jurisdiction. Accordingly, Wal-Mart has complied with the terms of 28 U.S.C. §1446, which dictate

Case No. _____

that a short plain statement of the grounds for removal accompany any notice of removal.   In

addition, this notice has annexed to it as Composite Exhibit "B" copies of all process, pleadings and

other papers that have been filed with the Court to date in compliance with 28 U.S.C. §1446.

**C.    Conclusion**

Wal-Mart has complied with the procedural requirements of 28 U.S.C. §1446, the Federal

Rules of Civil Procedure and the Local Rules of the Southern District which govern removal from

state court, and this Court has original jurisdiction over this matter.   Accordingly, Wal-Mart

respectfully requests that the United States District Court for the Southern District of Florida take

jurisdiction over this matter.

WHEREFORE, Wal-Mart hereby gives notice that the above-styled state court action

pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida

be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this _23_ day of June 2008.

> Peter R. Corbin
> Florida Bar No. #198374
> FORD & HARRISON LLP
> 225 Water Street; Suite 710
> Jacksonville, Florida 32202
> Telephone: (904) 357-2000
> Facsimile: (904) 357-2001
>
> and
>
> Rene F. Ruiz
> Florida Bar No. #0520284
> FORD & HARRISON LLP
> 100 S.E. 2nd Street, Suite 4500
> Miami, Florida 33131
> Telephone: (305) 808-2100
> Facsimile: (305) 808-2101
>
> _____
> Attorneys for Wal-Mart

Case No. _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail

this _23_ day of June 2008, on:

Christopher D. Gray, Esq.
Wolfgang M. Florin, Esq.
Florin, Roebig, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone: (561) 989-5414
Facsimile: (561) 989-5416

_____
Attorney

Miami:99409.1

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

     Defendant.

_____/

## ORDER GRANTING AGREED MOTION TO DISMISS DEFENDANT MANUEL PEREIRO FROM PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE BY DEFENDANT WAL-MART STORES EAST, LP

The Court, having considered the Unopposed Motion by Defendant, Wal-Mart Stores

East, LP ("Wal-Mart") and being otherwise fully advised, it is hereby **ORDERED AND**

**ADJUDGED** that:

    1.     Wal-Mart's Agreed Motion is **GRANTED**; and

    2.     Defendant Manuel Pereiro is hereby **DISMISSED** from Plaintiff's Complaint

without prejudice.

    **DONE AND ORDERED** in Chambers, in Palm Beach County, Florida on this _____ day

of _____, 2008.

SIGNED AND DATED

_____
CIRCUIT COURT JUDGE   JUN 1 2 2008

JUDGE THOMAS H. BARKDULL III

Copies furnished to:
Christopher D. Gray, Esq.
Rene F. Ruiz, Esq.

Miami:99043.1



EXHIBIT
A

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**
**CIVIL DIVISION**

JANIS BLACKMON,                          **50** 2007 CA 0 1 5 3 9 6 **XXXX MB**

    **Plaintiff,**

vs.

**WAL-MART STORES EAST, LP,**
**d/b/a WAL-MART and MANUEL PEREIRO.,**

    **Defendants.**

_____/

**S U M M O N S**

THE STATE OF FLORIDA:

    YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint, in the above styled cause upon the Defendant:

           WAL-MART STORES EAST, LP, d/b/a WAL-MART
              c/o CT Corporation Systems
              1200 South Pine Island Road
              Plantation, Florida  33324

    The Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney, whose name and address is:

              Christopher D. Gray, Esquire
              FLORIN ROEBIG, P.A.
              2255 Glades Road -Suite 324A
              Boca Raton, Florida  33431

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

    Witness my hand and the seal of said Court on SEP 1 2 2007 , 2007.

                          Clerk of the Circuit Court

                          _____

(SEAL)                     Deputy Clerk

      **\*In accordance with the Americans with Disabilities Act, persons with disabilities needing special accommodation to participate in this proceeding should contact the individual or**


EXHIBIT
Composite
B

agency sending the notice not later than seven (7) days prior to the proceedings.  If hearing impaired, (TDD) 1-800-955-8771, or Voice (V), 1-800-9558770, via Florida Relay Service.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
09/14/2007
Log Number 512591804

| | |
|---|---|
| **TO:** | Kim Lundy<br>Wal-Mart Stores, Inc.<br>702 SW 8th Street, Mail Stop #0215<br>Bentonville, AR, 72716 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Wal-Mart Stores East, LP (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Janis Blackmon, Pltf. vs. Wal-Mart Stores East, LP, etc. and Manuel Pereiro, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Palm Beach County Circuit Court, FL<br>Case # 50-07-CA-15396 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Sexual Harassment, Assult and Battery while under the employ of Dft. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/14/2007 at 14:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Christopher D. Gray<br>Florin, Roebig, P.A.<br>2255 Glades Road<br>Suite 324A<br>Boca Raton, FL, 33431<br>561-989-5414 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/14/2007, Expected Purge Date: 09/19/2007<br>Image SOP - Page(s): 11<br>Email Notification, Melanie McGrath-CT East<br>CLS-VerificationEast@wolterskluwer.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Donna Moch<br>1200 South Pine Island Road<br>Plantation, FL, 33324<br>954-473-5503 |

Page 1 of  1 / LH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

**[c]COPY**

JANIS BLACKMON,

        Plaintiff,

vs.

WAL-MART STORES EAST, LP, d/b/a
WALMART and MANUEL PEREIRO,
Individually,

        Defendant.

_____/

**50 2007 CA 0 1 5 3 9 6 XXXX MB**

CASE NO.:

**AO**

COPY
RECEIVED FOR FILING

SEP 1 1 2007

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## COMPLAINT

Plaintiff JANIS BLACKMON by and through her undersigned attorneys, hereby sues the

Defendant, WAL-MART STORES EAST, LP, d/b/a WAL-MART (hereinafter referred to as "WAL-

MART") and MANUEL PEREIRO, individually, and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $15,000.00.

### ADMINISTRATIVE PREREQUISITES

2.     All conditions precedent to bringing this action have occurred.

3.     Plaintiff timely filed a charge of discrimination with the Equal Employment

Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A

copy of the charge is attached as Exhibit "A".

4.     More than 180 days have passed since the filing of the charge.

### PARTIES

5.     Plaintiff, JANIS BLACKMON is a resident of Palm Beach County, Florida.

1

6.      Upon information and belief, Defendant, MANUEL PEREIRO is a resident of Palm Beach County, Florida.

7.      Defendant, WAL-MART, is a Foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Palm Beach County.

8.      Defendant, WAL-MART is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

9.      At all times material, Defendant, WAL-MART acted with malice and with reckless disregard for Plaintiff's State protected rights.

10.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectation of her employer.

11.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

12.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

13.     Defendant, WAL-MART is a Foreign Corporation which owns and operates the Wal-Mart store located at 1005 West Sugarland Highway, Clewiston, Florida.

14.     Plaintiff, JANIS BLACKMON began her employment with Defendant in approximately December, 2005 as a Cashier.

15.     In approximately July 2006, Plaintiff began being sexually harassed by her supervisor, Manuel Pereiro.

16.     Some examples of the unlawful harassment included:

2

a.   Mr. Pereiro telling Plaintiff he wanted to screw her;

b.   Mr. Pereiro telling Plaintiff you know you had me last night;

c.   Mr. Pereiro physically grabbing Plaintiff's breasts.

17.   Although, Plaintiff complained to her assistant manager, nothing was immediately done and Plaintiff was forced to continue to work with Mr. Pereiro until his termination in July, 2006.

18.   Following Mr. Pereiro's termination, he would visit the Defendant's store and get in Plaintiff's cashier line in an attempt to continue the harassment.

19.   Plaintiff again reported this behavior to her assistant manager, but nothing was done.

20.   On September 17, 2006, Plaintiff was terminated from her employment.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT – SEXUAL HARASSMENT**

21.   Plaintiff realleges and adopts the allegations stated in Paragraphs 1 - 20.

22.   Plaintiff is a member of a protected class.

23.   The aforementioned actions by Defendant constitute unwelcome sexual harassment.

24.   The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

25.   The Defendant knew of or should have known of the harassment to Plaintiff.

26.   The aforementioned actions constitute discrimination on the basis of sex, in violation of the Florida Civil Rights Act.

27.   The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

3

28.     As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      Back pay and benefits;

      b.      Interest;

      c.      Front pay and benefits;

      d.      Compensatory damages;

      e.      Pecuniary and non-pecuniary losses;

      f.      Costs and attorney's fees;

      g.      For punitive damages; and

      h.      For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – RETALIATION

29.     Plaintiff reallegs and adopts the allegations stated in Paragraphs 1-20.

30.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

31.     The above described acts of retaliation constitute a violation pf Florida Statutes Chapter 760 for which Defendant is liable.

32.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer.

WHEREFORE, Plaintiff, JANIS BLACKMON, prays for the following damages against Defendant:

4

a.      Back pay and benefits;

b.      Interest;

c.      Front pay and benefits;

d.      Compensatory damages;

e.      Pecuniary and non-pecuniary losses;

f.      Costs and attorney's fees;

g.      For punitive damages; and

h.      For any other relief this Court deems just and equitable.

## COUNT II
## ASSAULT AND BATTERY

33.     Plaintiff reallegs and adopts the allegations stated in Paragraphs 1, 5, 6,12,14,15 and 16.

34.     Defendant, MANUEL PEREIRO, intentionally and unlawfully directed physical touching toward Plaintiff, JANIS BLACKMON, by physically touching her body and created a fear in Plaintiff of imminent peril and said conduct was coupled with the apparent present ability to effectuate the threat.

35.     The battery was unwanted by Plaintiff, JANIS BLACKMON, and she did not consent to his actions.

36.     As a direct result of the batteries perpetrated on Plaintiff, JANIS BLACKMON, she suffered the following damages:

a.      Mental pain;

b.      Severe emotional distress;

5

  c.  Embarrassment;

  d.  Humiliation;

  e.  Mental anguish;

  f.  Loss of the capacity for the enjoyment of life;

  g.  Impairment of working ability;

  h.  Loss of dignity;

  i.  Loss of or diminution of earning or earning capacity.

WHEREFORE, Plaintiff, JANIS BLACKMON, demands a trial by jury and judgment against Defendant, MANUEL PEREIRO, individually, for an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus costs, and for such other relief to which the Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

37. Plaintiffs demand a trial by jury on all issues so triable.

Dated this _7th_ day of ~~August~~ Sept, 2007.

FLORIN, ROEBIG, P.A.

Christopher D. Gray

Christopher D. Gray, Esq.
Wolfgang M. Florin, Esq.
Florida Bar Nos.: 902004;  907804
2255 Glades Road
Suite 324A
Boca Raton, Florida 33431
(561) 989-5414
(561) 989-5416 facsimile
Attorneys for Plaintiff

6

EXHIBIT "A"

## CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ✓ FEPA  ✓ EEOC | |

| State or local agency, if any: | Florida Commission On Human Relations and EEOC | |
|---|---|---|

| Name (Indicate Mr., Mrs., Ms.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Janis Blackmon | (561) 924-5437 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 120 State Market Road Apt. 6 | Pahokee, FL 33476 | June 10, 1970 |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| Wal-Mart | 1000+ | (863) 983-4844 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1005 West Sugarland Highway | Clewiston, FL 33440 | Hendry |

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|
| RACE ☐   COLOR ☐   SEX ☒   RELIGION ☐   NATIONAL ORIGIN ☐ | EARLIEST | LATEST |
| RETALIATION ☒   AGE ☐   DISABILITY ☐   OTHER (Specify)_____ | February , 2006 | September 17, 2006 |

THE PARTICULARS ARE   *(If additional space is needed, attach extra sheet(s))*

**I:       PERSONAL HARM:**

I was employed by Wal-Mart SuperCenter as a cashier from November, 2005 until September 17, 2006. In approximately February, 2006, I began being sexually harassed by my supervisor, Emanuel. Although I reported the harassment to the assistant manager, Debbie, nothing was done. On August 15, 2006 I was again sexually harassed by Emanuel, which included unwelcome touching. Although I reported the sexual harassment to the assistant manager Debbie, I was forced to continue to work with Emanuel until his termination several days later. Following Emanuel's termination, he continued to harass me by coming into Walmart. Although I complained to management about the continuing harassment, nothing was done. On September 17, 2006 I was terminated from my position.

**II:      RESPONDENT'S REASON FOR ADVERSE ACTION:**

I was told I was terminated for absenteeism.

**III:     STATEMENT OF DISCRIMINATION:**

I believe I was sexually harassed because of my sex, female, and retaliated against for opposing the unlawful behavior in violation of Title VII of the Civil Rights Act of 1964, as amended and the Florida Civil Rights Act, Florida Statute Chapter 760.

| | |
|---|---|
| ☒ I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. I declare under penalty or perjury that the foregoing is true and correct. | NOTARY PUBLIC: SIGN: *Julia Bush* PRINT: *Julia Bush* State of Florida at Large (SEAL) |

| | |
|---|---|
| 11/27/06 *Janis Blackmon* | |
| DATE        CHARGING PARTY (Signature) | |

EEOC FORM 5 (Rev. 06/92)

**IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA**

**CIVIL DIVISION**

**CASE NUMBER 50-2007-CA-015396XXXXMB**

JANIS BLACKMON,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

      Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 1.140 of the Florida Rules of Civil Procedure, Defendant Wal-Mart Stores East, L.P. ("Wal-Mart" or "Defendant") hereby files this Answer and Affirmative Defenses to Plaintiff Janis Blackmon's ("Plaintiff") Complaint and states as follows:

### ANSWER

#### Jurisdiction and Venue

1.    In response to Paragraph No. 1 of Plaintiff's Complaint, Wal-Mart acknowledges that Plaintiff seeks to assert the Court's jurisdiction, but Wal-Mart denies, insofar as Paragraph No. 1 alleges or implies, that Wal-Mart violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

#### Administrative Prerequisites

2.    In response to Paragraph No. 2 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's contention that he has satisfied "all conditions precedent" to bringing this action is a conclusion of law that requires no admission or denial.

3.    In response to Paragraph No. 3 of Plaintiff's Complaint, Wal-Mart states that the attached Charge speaks for itself and appears to have been requested to be filed with the EEOC and the FCHR.

4.    Admitted.

### Parties

5.    In response to Paragraph No. 5 of Plaintiff's Complaint, Wal-Mart states that it lacks sufficient knowledge or information to admit or deny Plaintiff's allegations regarding residency, and therefore denies the allegations contained in Paragraph No. 5.

6.    In response to Paragraph No. 6 of Plaintiff's Complaint, Wal-Mart states that it lacks sufficient knowledge or information to admit or deny Plaintiff's allegations regarding the residency of Defendant Manuel Pereiro, and therefore denies the allegations contained in Paragraph No. 6.

7.    Admitted.

8.    In response to Paragraph No. 8 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's allegation that it is an "employer as defined by the laws under which this action is brought" is a legal conclusion that requires no admission or denial.

### General Allegations

9.    Wal-Mart denies the allegations in Paragraph No. 9 of Plaintiff's Complaint.

10.    Wal-Mart denies the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11.    In response to Paragraph No. 11 of Plaintiff's Complaint, Wal-Mart admits, upon information and belief, that Plaintiff has retained the law firm of Florin, Roebig, P.A.  However, Wal-Mart is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 11, and therefore denies the remaining allegations contained in Paragraph No. 11.

12.    In response to Paragraph No. 12 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's contention that she is entitled to a jury trial in this matter is a legal conclusion that requires no admission or denial.

CASE NUMBER 50-2007-CA-015396XXXXMB

**Facts**

13.     In response to Paragraph No. 13 of Plaintiff's Complaint, Wal-Mart states that it is the operating entity for Store #2484, where Plaintiff was employed for a period of time.  Wal-Mart further states that Store #2484 is located at 1005 West Sugarland Highway, in Clewiston, Florida. Wal-Mart is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 13, and therefore denies the remaining allegations contained in Paragraph No. 13.

14.     Admitted.

15.     Wal-Mart denies the allegations in Paragraph No. 15 of Plaintiff's Complaint.

16.     Wal-Mart denies the allegations in Paragraph No. 16, including all subparts, of Plaintiff's Complaint.

17.     Wal-Mart denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

18.     Wal-Mart denies the allegations in Paragraph No. 18 of Plaintiff's Complaint.

19.     Wal-Mart denies the allegations in Paragraph No. 19 of Plaintiff's Complaint.

20.     In response to Paragraph No. 20 of Plaintiff's Complaint, Wal-Mart admits only that it properly terminated Plaintiff on September 17, 2006, pursuant to Wal-Mart's Coaching for Improvement Policy.  Wal-Mart denies any other allegations or implications contained in Paragraph No. 20, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT-SEXUAL HARASSMENT**

21.     In response to Paragraph No. 21 of Plaintiff's Complaint, Wal-Mart repeats and re-alleges its responses to Paragraph Nos. 1 through 20 above.  In response to the unnumbered heading, "Count I- Florida Civil Rights Act-Sexual Harassment," Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

-3-

22.     In response to Paragraph No. 22 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's allegation that she is "a member of a protected class" is a legal conclusion that requires no admission or denial.

23.     Wal-Mart denies the allegations in Paragraph No. 23 of Plaintiff's Complaint.

24.     Wal-Mart denies the allegations in Paragraph No. 24 of Plaintiff's Complaint.

25.     Wal-Mart denies the allegations in Paragraph No. 25 of Plaintiff's Complaint.

26.     Wal-Mart denies the allegations in Paragraph No. 26 of Plaintiff's Complaint.

27.     Wal-Mart denies the allegations in Paragraph No. 27 of Plaintiff's Complaint.

28.     Wal-Mart denies the allegations in Paragraph No. 28 of Plaintiff's Complaint.  In response to the unnumbered "Wherefore" clause following Paragraph No. 28, including all sub-parts, Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from Wal-Mart.

**COUNT II**
**FLORIDA CIVIL RIGHTS ACT- RETALIATION**

29.     In response to Paragraph No. 29 of Plaintiff's Complaint, Wal-Mart repeats and re-alleges its responses to Paragraph Nos. 1 through 20 above.  In response to the unnumbered heading, "Count II- Florida Civil Rights Act- Retaliation," Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

30.     Wal-Mart denies the allegations in Paragraph No. 30 of Plaintiff's Complaint.

31.     Wal-Mart denies the allegations in Paragraph No. 31 of Plaintiff's Complaint.

32.     Wal-Mart denies the allegations in Paragraph No. 32 of Plaintiff's Complaint.  In response to the unnumbered "Wherefore" clause, including all sub-parts, following Paragraph No. 32, Wal-Mart denies any allegations or implications made thereby, including any allegation that

CASE NUMBER 50-2007-CA-015396XXXXMB

Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from Wal-Mart.

## COUNT II[1]
## ASSAULT AND BATTERY

33.     In response to Paragraph No. 33 of Plaintiff's Complaint, Wal-Mart repeats and re-alleges its responses to Paragraph Nos. 1 through 20 above.  In response to the unnumbered heading, "Count II-Assault and Battery," Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

34.     In response to Paragraph No. 34 of Plaintiff's Complaint, Wal-Mart lacks sufficient knowledge or information to admit or deny Plaintiff's allegations, inasmuch as these allegations refer to or are directed at Defendant Manuel Pereiro, and do not pertain to Wal-Mart.  Therefore, Wal-Mart denies all allegations made in Paragraph No. 34.

35.     In response to Paragraph No. 35 of Plaintiff's Complaint, Wal-Mart lacks sufficient knowledge or information to admit or deny Plaintiff's allegations, inasmuch as these allegations refer to or are directed at Defendant Manuel Pereiro, and do not pertain to Wal-Mart.  Therefore, Wal-Mart denies all allegations made in Paragraph No. 35.

36.     In response to Paragraph No. 36 of Plaintiff's Complaint, Wal-Mart lacks sufficient knowledge or information to admit or deny Plaintiff's allegations, inasmuch as these allegations refer to or are directed at Defendant Manuel Pereiro, and do not pertain to Wal-Mart.  Therefore, Wal-Mart denies all allegations made in Paragraph No. 36.  In response to the unnumbered "Wherefore" clause following Paragraph No. 36, Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from Wal-Mart.

---

[1] Plaintiff's Complaint contains two separate Counts identified as "Count II."

CASE NUMBER 50-2007-CA-015396XXXXMB

### Demand for Jury Trial

37.    In response to Paragraph No. 37 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's contention that she is entitled to a jury trial in this matter is a legal conclusion that requires no admission or denial.

### DEFENSES

### First Defense

The Complaint fails to state a claim against Wal-Mart upon which relief can be granted.

### Second Defense

Plaintiff has a duty to mitigate alleged losses, (assuming any entitlement to recovery) and Plaintiff has not satisfied that mitigation duty.

### Third Defense

Plaintiff's alleged damages do not exceed the jurisdictional limit of this Court.

### Fourth Defense

Wal-Mart has neither taken nor ratified any action with discriminatory or retaliatory purpose or intent.  Any employment action taken against Plaintiff during her employment was the result of Plaintiff's unacceptable work performance, failure to perform her job duties, or was otherwise business related and not based on Plaintiff's alleged disability, or any other criteria prohibited by applicable law.

### Fifth Affirmative Defense

Wal-Mart has a policy prohibiting the conduct alleged in Plaintiff's Complaint and provides a complaint procedure for employees to notify Wal-Mart of any form of alleged discrimination or harassment.  Wal-Mart promptly investigated Plaintiff's complaint of alleged harassment and exercised reasonable care to prevent and promptly correct any alleged sexually harassing behavior. Thus, Plaintiff's claims against Wal-Mart are barred.

-6-

CASE NUMBER 50-2007-CA-015396XXXXMB

### Sixth Affirmative Defense

No conduct of Wal-Mart, as alleged, was malicious and reckless as a matter of law, therefore, Plaintiff's claim for punitive damages is barred as a matter of law.

### Seventh Affirmative Defense

Wal-Mart has violated no legal or contractual duty owed to Plaintiff, therefore, Plaintiff is not entitled to any recovery against Wal-Mart.

### Eighth Affirmative Defense

At all times relevant to this suit, Wal-Mart acted in good faith with regard to Plaintiff.

### Ninth Affirmative Defense

Plaintiff is not entitled to damages pursuant to the Florida Civil Rights Act as a matter of law.

### Tenth Affirmative Defense

The improper conduct Plaintiff alleges is not sufficiently severe or pervasive to have altered her terms and conditions of employment, and, therefore, does not constitute sexual harassment as a matter of law.

### Eleventh Affirmative Defense

Plaintiff's allegation of retaliation against Wal-Mart cannot survive as a matter of law because the temporal gap between her complaint regarding alleged sexual harassment and her termination does not establish an inference of a causal connection between the two, and Plaintiff has no direct evidence of reatliation.

### Twelfth Affirmative Defense

Wal-Mart is entitled to attorneys' fees and other costs associated with the defense of this action because it is frivolous.

Wal-Mart reserves the right to assert further affirmative defenses as they become evident through discovery and investigation.

-7-

CASE NUMBER 50-2007-CA-015396XXXXMB

WHEREFORE, having fully answered, Wal-Mart prays that this Court dismiss Plaintiff's

Complaint and enter a judgment in Wal-Mart's favor for costs, and for such other and further relief

as this Court deems just and proper.

Respectfully submitted this 4th day of October 2007.

> Dawn Siler-Nixon
> Florida Bar No. 0993360
> FORD & HARRISON LLP
> 101 E. Kennedy Blvd., Suite 900
> Tampa, Florida 33602-5133
> Telephone: (813) 261-7800
> Facsimile: (813) 261-7899
>
> And
>
> Rene F. Ruiz
> Florida Bar No. #0520284
> FORD & HARRISON LLP
> 100 S.E. 2nd Street, Suite 4500
> Miami, Florida 33131
> Telephone: (305) 808-2100
> Facsimile: (305) 808-2101
>
> _____
> Attorneys for Wal-Mart

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail

this ____ day of October 2007, on:

Christopher D. Gray, Esq.
Wolfgang M. Florin, Esq.
Florin, Roebig, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone: (561) 989-5414
Facsimile: (561) 989-5416

Miami:87458.1

_____
Attorney

-8-

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

     Defendant.

_____/

COPY
RECEIVED FOR FILING
MAY 3 0 2008
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## UNOPPOSED MOTION FOR LEAVE TO AMEND
## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT WAL-MART STORES EAST, LP

Pursuant to Rule 1.190 of the Florida Rules of Civil Procedure, Defendant Wal-Mart
Stores East, LP, ("Wal-Mart" or "Defendant"), respectfully requests leave of Court to amend its
Answer and Affirmative Defenses ("Answer") to Plaintiff Janis Blackmon's ("Plaintiff")
Complaint to add the affirmative defense of after-acquired evidence.  In support of this motion,
Wal-Mart states as follows:

1.    After the decision to terminate Plaintiff, Wal-Mart became aware that Plaintiff
failed to disclose on her application for employment that she had been terminated by Burger
King, her previous employer, for stealing.

2.    Wal-Mart learned of Plaintiff's previous employment at Burger King during her
deposition, taken on February 19, 2008.  Wal-Mart learned that Plaintiff was terminated by

Burger King for stealing after Burger King responded to a subsequent subpoena *duces tecum* requesting the production of Plaintiff's employment records.

3.      Wal-Mart states that it would not have hired Plaintiff if it had been aware that she had been terminated from Burger King for stealing, and would have terminated Plaintiff immediately had it learned during her employment that she had falsified her application by failing to disclose her previous employment at Burger King.  Plaintiff's alleged damages are limited by the after-acquired evidence doctrine, which bars the accrual of damages under circumstances where an employer learns of prior misconduct "of such severity that the employee would have been terminated on those grounds alone if the employer had known of it at the time of discharge." *McKennon v. Nashville Banner Publ'g Co.,* 513 U.S. 352, 362-63 (1995). Plaintiff's failure to disclose her employment with Burger King and her termination from Burger King for stealing constitutes misconduct that falls within the after-acquired evidence doctrine. Therefore, Wal-Mart respectfully requests leave of Court to amend its Answer to add an affirmative defense regarding after-acquired evidence.

4.      Florida public policy is to freely allow amendment of pleadings and the amendment of an answer should be allowed when it would further the ends of justice. *Carter v. Ferrell*, 666 So. 2d 556 (Fla. 2d DCA 1995).

5.      Wal-Mart has not previously requested leave to amend its pleadings.

6.      Undersigned counsel for Wal-Mart has conferred with Plaintiff's counsel, who does not object to the relief sought by this Unopposed Motion.

7.      Wal-Mart's Amended Answer is attached as Exhibit "A" to this Unopposed Motion.  A proposed Order granting this Unopposed Motion is attached as Exhibit "B."

CASE NUMBER 50-2007-CA-015396XXXXMB

WHEREFORE, Defendant Wal-Mart Stores East, LP respectfully requests that the Court grant it leave to amend its Answer, as attached, to plead an affirmative defense under the after-acquired evidence doctrine, and direct the Clerk to file it post haste.

Respectfully submitted this 29th day of May 2008.

> Peter R. Corbin
> Florida Bar No. #198374
> FORD & HARRISON LLP
> 225 Water Street; Suite 710
> Jacksonville, Florida 32202
> Telephone: (904) 357-2000
> Facsimile: (904) 357-2001
>
> And
>
> Rene F. Ruiz
> Florida Bar No. #0520284
> FORD & HARRISON LLP
> 100 S.E. 2nd Street, Suite 4500
> Miami, Florida 33131
> Telephone: (305) 808-2100
> Facsimile: (305) 808-2101
>
> Attorneys for Wal-Mart

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail this 29th day of May 2008, on:

Christopher D. Gray, Esq.
Wolfgang M. Florin, Esq.
Florin, Roebig, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone: (561) 989-5414
Facsimile: (561) 989-5416

Attorney

Miami:98221.1

-3-

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

       Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

       Defendant.

_____/

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT WAL-MART STORES EAST, LP

Pursuant to Rule 1.140 of the Florida Rules of Civil Procedure, Defendant Wal-Mart Stores East, L.P. ("Wal-Mart" or "Defendant") hereby files this Amended Answer and Affirmative Defenses to Plaintiff Janis Blackmon's ("Plaintiff") Complaint and states as follows:

### ANSWER

### Jurisdiction and Venue

1.     In response to Paragraph No. 1 of Plaintiff's Complaint, Wal-Mart acknowledges that Plaintiff seeks to assert the Court's jurisdiction, but Wal-Mart denies, insofar as Paragraph No. 1 alleges or implies, that Wal-Mart violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.



EXHIBIT
A

CASE NUMBER 50-2007-CA-015396XXXXMB

### Administrative Prerequisites

2.     In response to Paragraph No. 2 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's contention that he has satisfied "all conditions precedent" to bringing this action is a conclusion of law that requires no admission or denial.

3.     In response to Paragraph No. 3 of Plaintiff's Complaint, Wal-Mart states that the attached Charge speaks for itself and appears to have been requested to be filed with the EEOC and the FCHR.

4.     Admitted.

### Parties

5.     In response to Paragraph No. 5 of Plaintiff's Complaint, Wal-Mart states that it lacks sufficient knowledge or information to admit or deny Plaintiff's allegations regarding residency, and therefore denies the allegations contained in Paragraph No. 5.

6.     In response to Paragraph No. 6 of Plaintiff's Complaint, Wal-Mart states that it lacks sufficient knowledge or information to admit or deny Plaintiff's allegations regarding the residency of Defendant Manuel Pereiro, and therefore denies the allegations contained in Paragraph No. 6.

7.     Admitted.

8.     In response to Paragraph No. 8 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's allegation that it is an "employer as defined by the laws under which this action is brought" is a legal conclusion that requires no admission or denial.

### General Allegations

9.     Wal-Mart denies the allegations in Paragraph No. 9 of Plaintiff's Complaint.

10.     Wal-Mart denies the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11.     In response to Paragraph No. 11 of Plaintiff's Complaint, Wal-Mart admits, upon information and belief, that Plaintiff has retained the law firm of Florin, Roebig, P.A.  However, Wal-Mart is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 11, and therefore denies the remaining allegations contained in Paragraph No. 11.

12.     In response to Paragraph No. 12 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's contention that she is entitled to a jury trial in this matter is a legal conclusion that requires no admission or denial.

### Facts

13.     In response to Paragraph No. 13 of Plaintiff's Complaint, Wal-Mart states that it is the operating entity for Store #2484, where Plaintiff was employed for a period of time.  Wal-Mart further states that Store #2484 is located at 1005 West Sugarland Highway, in Clewiston, Florida. Wal-Mart is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 13, and therefore denies the remaining allegations contained in Paragraph No. 13.

14.     Admitted.

15.     Wal-Mart denies the allegations in Paragraph No. 15 of Plaintiff's Complaint.

16.     Wal-Mart denies the allegations in Paragraph No. 16, including all subparts, of Plaintiff's Complaint.

17.     Wal-Mart denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

18.     Wal-Mart denies the allegations in Paragraph No. 18 of Plaintiff's Complaint.

19.     Wal-Mart denies the allegations in Paragraph No. 19 of Plaintiff's Complaint.

20.     In response to Paragraph No. 20 of Plaintiff's Complaint, Wal-Mart admits only that it properly terminated Plaintiff on September 17, 2006, pursuant to Wal-Mart's Coaching for Improvement Policy.  Wal-Mart denies any other allegations or implications contained in Paragraph

CASE NUMBER 50-2007-CA-015396XXXXMB

No. 20, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT-SEXUAL HARASSMENT**

21.     In response to Paragraph No. 21 of Plaintiff's Complaint, Wal-Mart repeats and re-alleges its responses to Paragraph Nos. 1 through 20 above.   In response to the unnumbered heading, "Count I- Florida Civil Rights Act-Sexual Harassment," Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

22.     In response to Paragraph No. 22 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's allegation that she is "a member of a protected class" is a legal conclusion that requires no admission or denial.

23.     Wal-Mart denies the allegations in Paragraph No. 23 of Plaintiff's Complaint.

24.     Wal-Mart denies the allegations in Paragraph No. 24 of Plaintiff's Complaint.

25.     Wal-Mart denies the allegations in Paragraph No. 25 of Plaintiff's Complaint.

26.     Wal-Mart denies the allegations in Paragraph No. 26 of Plaintiff's Complaint.

27.     Wal-Mart denies the allegations in Paragraph No. 27 of Plaintiff's Complaint.

28.     Wal-Mart denies the allegations in Paragraph No. 28 of Plaintiff's Complaint.   In response to the unnumbered "Wherefore" clause following Paragraph No. 28, including all sub-parts, Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from Wal-Mart.

-4-

CASE NUMBER 50-2007-CA-015396XXXXMB

## COUNT II
## FLORIDA CIVIL RIGHTS ACT- RETALIATION

29.     In response to Paragraph No. 29 of Plaintiff's Complaint, Wal-Mart repeats and re-alleges its responses to Paragraph Nos. 1 through 20 above.  In response to the unnumbered heading, "Count II- Florida Civil Rights Act- Retaliation," Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

30.     Wal-Mart denies the allegations in Paragraph No. 30 of Plaintiff's Complaint.

31.     Wal-Mart denies the allegations in Paragraph No. 31 of Plaintiff's Complaint.

32.     Wal-Mart denies the allegations in Paragraph No. 32 of Plaintiff's Complaint.  In response to the unnumbered "Wherefore" clause, including all sub-parts, following Paragraph No. 32, Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from Wal-Mart.

## COUNT II[1]
## ASSAULT AND BATTERY

33.     In response to Paragraph No. 33 of Plaintiff's Complaint, Wal-Mart repeats and re-alleges its responses to Paragraph Nos. 1 through 20 above.  In response to the unnumbered heading, "Count II-Assault and Battery," Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any amount of damages from Wal-Mart.

34.     In response to Paragraph No. 34 of Plaintiff's Complaint, Wal-Mart lacks sufficient knowledge or information to admit or deny Plaintiff's allegations, inasmuch as these allegations

---

[1] Plaintiff's Complaint contains two separate Counts identified as "Count II."

refer to or are directed at Defendant Manuel Pereiro, and do not pertain to Wal-Mart. Therefore, Wal-Mart denies all allegations made in Paragraph No. 34.

35.     In response to Paragraph No. 35 of Plaintiff's Complaint, Wal-Mart lacks sufficient knowledge or information to admit or deny Plaintiff's allegations, inasmuch as these allegations refer to or are directed at Defendant Manuel Pereiro, and do not pertain to Wal-Mart. Therefore, Wal-Mart denies all allegations made in Paragraph No. 35.

36.     In response to Paragraph No. 36 of Plaintiff's Complaint, Wal-Mart lacks sufficient knowledge or information to admit or deny Plaintiff's allegations, inasmuch as these allegations refer to or are directed at Defendant Manuel Pereiro, and do not pertain to Wal-Mart. Therefore, Wal-Mart denies all allegations made in Paragraph No. 36. In response to the unnumbered "Wherefore" clause following Paragraph No. 36, Wal-Mart denies any allegations or implications made thereby, including any allegation that Wal-Mart acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from Wal-Mart.

### Demand for Jury Trial

37.     In response to Paragraph No. 37 of Plaintiff's Complaint, Wal-Mart states that Plaintiff's contention that she is entitled to a jury trial in this matter is a legal conclusion that requires no admission or denial.

### DEFENSES

### First Defense

The Complaint fails to state a claim against Wal-Mart upon which relief can be granted.

### Second Defense

Plaintiff has a duty to mitigate alleged losses, (assuming any entitlement to recovery) and Plaintiff has not satisfied that mitigation duty.

CASE NUMBER 50-2007-CA-015396XXXXMB

### Third Defense

Wal-Mart has neither taken nor ratified any action with discriminatory or retaliatory purpose or intent. Any employment action taken against Plaintiff during her employment was the result of Plaintiff's unacceptable work performance, failure to perform her job duties, or was otherwise business related and not based on Plaintiff's alleged disability, or any other criteria prohibited by applicable law.

### Fourth Affirmative Defense

Wal-Mart has a policy prohibiting the conduct alleged in Plaintiff's Complaint and provides a complaint procedure for employees to notify Wal-Mart of any form of alleged discrimination or harassment. Wal-Mart promptly investigated Plaintiff's complaint of alleged harassment and exercised reasonable care to prevent and promptly correct any alleged sexually harassing behavior. Thus, Plaintiff's claims against Wal-Mart are barred.

### Fifth Affirmative Defense

No conduct of Wal-Mart, as alleged, was malicious and reckless as a matter of law, therefore, Plaintiff's claim for punitive damages is barred as a matter of law.

### Sixth Affirmative Defense

Wal-Mart has violated no legal or contractual duty owed to Plaintiff, therefore, Plaintiff is not entitled to any recovery against Wal-Mart.

### Seventh Affirmative Defense

At all times relevant to this suit, Wal-Mart acted in good faith with regard to Plaintiff.

### Eighth Affirmative Defense

Plaintiff is not entitled to damages pursuant to the Florida Civil Rights Act as a matter of law.

CASE NUMBER 50-2007-CA-015396XXXXMB

### Ninth Affirmative Defense

The improper conduct Plaintiff alleges is not sufficiently severe or pervasive to have altered her terms and conditions of employment, and, therefore, does not constitute sexual harassment as a matter of law.

### Tenth Affirmative Defense

Plaintiff's allegation of retaliation against Wal-Mart cannot survive as a matter of law because the temporal gap between her complaint regarding alleged sexual harassment and her termination does not establish an inference of a causal connection between the two, and Plaintiff has no direct evidence of retaliation.

### Eleventh Affirmative Defense

Wal-Mart is entitled to attorneys' fees and other costs associated with the defense of this action because it is frivolous.

### Twelfth Affirmative Defense

To the extent Defendant discovers in the course of this litigation that Plaintiff engaged in other conduct that would have resulted in her termination, Plaintiff's claims are barred or limited by the after-acquired evidence doctrine.

Wal-Mart reserves the right to assert further affirmative defenses as they become evident through discovery and investigation.

WHEREFORE, having fully answered, Wal-Mart prays that this Court dismiss Plaintiff's Complaint and enter a judgment in Wal-Mart's favor for costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of May 2008.

CASE NUMBER 50-2007-CA-015396XXXXMB

Peter R. Corbin
Florida Bar No. #198374
FORD & HARRISON LLP
225 Water Street; Suite 710
Jacksonville, Florida 32202
Telephone: (904) 357-2000
Facsimile: (904) 357-2001

And

Rene F. Ruiz
Florida Bar No. #0520284
FORD & HARRISON LLP
100 S.E. 2nd Street, Suite 4500
Miami, Florida 33131
Telephone: (305) 808-2100
Facsimile: (305) 808-2101

Attorneys for Wal-Mart

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail

this 29th day of May 2008, on:

Christopher D. Gray, Esq.
Wolfgang M. Florin, Esq.
Florin, Roebig, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone: (561) 989-5414
Facsimile: (561) 989-5416

Miami:98222.1

Attorney

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

     Defendant.
_____/

## ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANT WAL-MART STORES EAST, LP

     The Court, having considered the Unopposed Motion by Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), for leave to amend its Answer and Affirmative Defenses and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that the Unopposed Motion is **GRANTED** and that Wal-Mart's Amended Answer and Affirmative Defenses is deemed filed as of the date of this Order.

     **DONE AND ORDERED** in Chambers, in Palm Beach County, Florida, this _____ day of _____, 2008.

SIGNED AND DATED

JUN 0 9 2008

JUDGE THOMAS H. BARKDULL III

_____
CIRCUIT COURT JUDGE

Copies furnished to:
Christopher D. Gray, Esq.
Rene F. Ruiz, Esq.

EXHIBIT
B

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

     Defendant.

_____/

### ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANT WAL-MART STORES EAST, LP

     The Court, having considered the Unopposed Motion by Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), for leave to amend its Answer and Affirmative Defenses and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that the Unopposed Motion is **GRANTED** and that Wal-Mart's Amended Answer and Affirmative Defenses is deemed filed as of the date of this Order.

     **DONE AND ORDERED** in Chambers, in Palm Beach County, Florida on this ____ day of _____, 2008.

**SIGNED AND DATED**

_____
CIRCUIT COURT JUDGE   JUN 0 9 2008

JUDGE THOMAS H. BARKDULL III

Copies furnished to:
Christopher D. Gray, Esq.
Rene F. Ruiz, Esq.

EXHIBIT
_B_

06 11 2008 RCVD

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

    Defendant.

_____/

COPY
RECEIVED FOR FILING

JUN 1 1 2008

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## AGREED MOTION TO DISMISS
## DEFENDANT MANUEL PEREIRO WITHOUT PREJUDICE
## OF DEFENDANT WAL-MART STORES EAST, LP

Pursuant to Rule 1.070(j) of the Florida Rules of Civil Procedure, Defendant Wal-Mart Stores East, LP, ("Wal-Mart" or "Defendant"), hereby files this Motion respectfully requesting that the Court dismiss Defendant Manuel Pereiro ("Pereiro") from Plaintiff's Complaint without prejudice because more than 120 days have passed since Plaintiff filed her Complaint and Pereiro has not yet been served. In support of this motion, Wal-Mart states as follows:

1.      On September 11, 2007, Plaintiff filed a three-count Complaint alleging: (1) Sexual harassment in violation of the Florida Civil Rights Act against Wal-Mart; (2) Retaliation in violation of the Florida Civil Rights Act against Wal-Mart; and (3) Assault and Battery against Pereiro, a former Wal-Mart employee.

2.      More than 120 days have passed since Plaintiff filed her Complaint and Plaintiff has not yet effectuated service of process on Pereiro.

3.      For this reason, Wal-Mart respectfully requests that the Court dismiss Pereiro from Plaintiff's Complaint without prejudice.

CASE NUMBER 50-2007-CA-015396XXXXMB

4.      Undersigned counsel for Wal-Mart has conferred with Plaintiff's counsel, who does not object to the relief sought by this Unopposed Motion.

WHEREFORE, Defendant Wal-Mart Stores East, LP respectfully requests that the Court dismiss Pereiro from Plaintiff's Complaint without prejudice and enter the proposed Order attached to this Agreed Motion as Exhibit "A."

Respectfully submitted this 11th day of June 2008.

> Peter R. Corbin
> Florida Bar No. #198374
> FORD & HARRISON LLP
> 225 Water Street; Suite 710
> Jacksonville, Florida 32202
> Telephone: (904) 357-2000
> Facsimile: (904) 357-2001
>
> And
>
> Rene F. Ruiz
> Florida Bar No. #0520284
> FORD & HARRISON LLP
> 100 S.E. 2nd Street, Suite 4500
> Miami, Florida 33131
> Telephone: (305) 808-2100
> Facsimile: (305) 808-2101
>
> _____
> Attorneys for Wal-Mart

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail this 11th day of June 2008, on:

Christopher D. Gray, Esq.
Wolfgang M. Florin, Esq.
Florin, Roebig, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone: (561) 989-5414
Facsimile: (561) 989-5416

_____
Attorney

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

      Defendant.

_____/

## ORDER GRANTING AGREED MOTION TO DISMISS DEFENDANT MANUEL PEREIRO FROM PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE BY DEFENDANT WAL-MART STORES EAST, LP

The Court, having considered the Unopposed Motion by Defendant, Wal-Mart Stores

East, LP ("Wal-Mart") and being otherwise fully advised, it is hereby **ORDERED AND**

**ADJUDGED** that:

    1.     Wal-Mart's Agreed Motion is **GRANTED**; and

    2.     Defendant Manuel Pereiro is hereby **DISMISSED** from Plaintiff's Complaint

without prejudice.

     **DONE AND ORDERED** in Chambers, in Palm Beach County, Florida on this _____ day

of _____, 2008.

_____
CIRCUIT COURT JUDGE

Copies furnished to:
Christopher D. Gray, Esq.
Rene F. Ruiz, Esq.

Miami:99043.1

EXHIBIT
A

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

       Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART, and MANUEL
PEREIRO, Individually,

       Defendant.

_____/

## ORDER GRANTING AGREED MOTION TO DISMISS DEFENDANT MANUEL PEREIRO FROM PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE BY DEFENDANT WAL-MART STORES EAST, LP

      The Court, having considered the Unopposed Motion by Defendant, Wal-Mart Stores East, LP ("Wal-Mart") and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that:

      1.    Wal-Mart's Agreed Motion is **GRANTED**; and

      2.    Defendant Manuel Pereiro is hereby **DISMISSED** from Plaintiff's Complaint without prejudice.

      **DONE AND ORDERED** in Chambers, in Palm Beach County, Florida on this _____ day of _____, 2008.

SIGNED AND DATED

JUN 1 2 2008

_____
CIRCUIT COURT JUDGE

JUDGE THOMAS H. BARKDULL III

Copies furnished to:
Christopher D. Gray, Esq.
Rene F. Ruiz, Esq.

Miami:99043.1

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NUMBER 50-2007-CA-015396XXXXMB

JANIS BLACKMON,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WALMART,

     Defendant.

_____/

**TO:** **Clerk of the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida**

PLEASE TAKE NOTICE that Defendant, Wal-Mart Stores East, L.P., d/b/a Wal-Mart ("Wal-mart" or "Defendant"), filed a Notice of Removal for the above-styled civil action in the United States District Court for the Southern District of Florida on June 23, 2008. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of the Notice of Removal is attached hereto as Exhibit "A."

PLEASE TAKE FURTHER NOTICE that, by the filing of said Notice of Removal in federal court, and by the filing herein of this Notice to State Court and a copy of said Notice of Removal, the above-entitled action has been removed from this Court to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted this 23 day of June 2008.

CASE NUMBER 50-2007-CA-015396XXXXMB

Peter R. Corbin
Florida Bar No. #198374
FORD & HARRISON LLP
225 Water Street; Suite 710
Jacksonville, Florida 32202
Telephone: (904) 357-2000
Facsimile: (904) 357-2001

And

Rene F. Ruiz
Florida Bar No. #0520284
FORD & HARRISON LLP
100 S.E. 2nd Street, Suite 4500
Miami, Florida 33131
Telephone: (305) 808-2100
Facsimile: (305) 808-2101

_____
Attorneys for Wal-Mart

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail

this _23_ day of June 2008, on:

Christopher D. Gray, Esq.
Wolfgang M. Florin, Esq.
Florin, Roebig, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone: (561) 989-5414
Facsimile: (561) 989-5416

_____
Attorney

Miami:99423.1

2

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ELECTRONIC

**June 23, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS

Janis Blackmon

**DEFENDANTS**

Wal-Mart Stores East, Inc., foreign corp.

**(b)** County of Residence of First Listed Plaintiff   Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christopher D. Gray
2255 Glades Road, Suite 324A
Boca Raton, FL 33431 - 561-989-5414

Attorneys (If Known)
Rene Ruiz
Ford & Harrison LLP
100 S.E. 2nd Street, Suite 4500
Miami, FL 33131; 305-808-2100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

West Palm Bech   08- 80685-CIV - Cohn Seltzer

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441, 1446

Brief description of cause:
Sexual harassment and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ More than $75k

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE   6-17-2008

SIGNATURE OF ATTORNEY OF RECORD   Rene Ruiz

**FOR OFFICE USE ONLY**

RECEIPT #  982657   AMOUNT  350 -   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____